UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael J. Ferola, | ) C/A No.: 9:13-2413-RBH-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| William R. Byars, Jr.; Gregory Knowlin; | ) |
| Kenneth Sharp; Willie Eagleton; | ) |
| Maria Leggins; Jerry Adger; | ) |
| Mrs. Brackenberry; Ann Hallman; | |
| Captain Rogers; Lt. Powell; | |
| Lt. Brayboy; Lt. Wheeler; | |
| Cpl. Miller; Cpl. Conyers; | |
| Officer Fulton; Michael Bowers; | |
| Major West; Associate Warden Sellers; | |
| Associate Warden McFadden; | |
| Ms. Graves, IGC, Evans, | |
| | |
| Defendants. | |

_____

Plaintiff, currently a state prison inmate incarcerated at the Evans Correctional Institution, alleges, generally, violations of his First, Eighth, and Fourteenth Amendment rights. He seeks declaratory and injunctive relief, and compensatory and punitive damages. He maintains he has fully exhausted his administrative remedies. He essentially raises four causes of action: 1) denial of access to the courts, 2) deliberate indifference, 3) excessive force, and 4) violations of his right to due process.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light

1



of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute also allows a district court to dismiss a case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915( e )(2)(B)(I), (ii), (iii). Hence, under 28 U.S.C. § 1915( e )(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989).

Additionally, although this Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97,97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5,101 S. Ct. 173 (1980) (per curiam), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court, or that are otherwise not in a posture for proper litigation. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Discussion

Upon review by the Court, it is apparent that Plaintiff's claims - set out against twenty-one (21) Defendants, and arising at three (3) different Correctional Institutions over the course of a year or more - are diverse and not arising out of the same transactions, occurrences, or series of transactions or occurrences, and are therefore not appropriate for maintenance in one lawsuit. See Rules 18, 20 and 21, Fed.R.Civ.P. Rule 20(a)(2) governs when multiple defendants



may be joined in one action, and provides that "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2) (A) and (B). Rule 18(a) provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). However, "where multiple parties are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 ...
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all ..."

Garcia v. Munoz, No. 08-1648 (WJM), 2008 WL 2064476, at *3 (D.N.J. May 14, 2008), quoting, Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, 7 Federal Practice & Procedure Civil 3d, § 1655; *see also* Ross v. Meagan, 638 F.2d 646, 650, n. 5 (3d Cir. 1981), *overruled on other grounds*.

Accordingly, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." Garcia, at *3; *see also* Nali v. Michigan Dep't of Corrections, No. 07-10831, 2007 WL 4465247 (E.D.Mich. December 18, 2007), *citing*, Crutcher v. Commonwealth of Kentucky, 961 F.2d 1576 (Table), 1992

3



WL 98020, at *3 (6th Cir. May 11, 1992)("For a plaintiff's claims to be properly joined, they must satisfy both requirements of Rule 20(a): (1) there must be a right to relief arising out of the same transaction or occurrence, and (2) there must be a question of law or fact common to all defendants."). "Courts may consider many different factors when considering whether civil rights claims arise from the same transaction or occurrence[,]" including, "the time period during which the alleged acts occurred; whether the acts ... are related; whether more than one act ... is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." Nali, at *3, *citing*, Brown v. Worthington Steel, Inc., 211 F.R.D. 320, 323–325 (S.D.Ohio 2002).

As the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) ...
>
> A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner.

George v. Smith, 507 F.3d 605, 607 (7th Cir.2007); Bolling v. Hayman, No. 08-3183 (MLC), 2008 WL 3843515, at *2 (D.N.J. August 14, 2008). Here, Plaintiff asserts claims against different defendants located at different prisons in an improper "buckshot" complaint.



Of course, the undersigned is aware that, where appropriate, joinder of claims and remedies is encouraged. In United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." Consistent with this policy, the requirements prescribed by Rule 20(a) are designed to "promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir.2002)(citation omitted). However, plaintiff does not have free reign to join multiple claims and defendants in any manner he chooses. As the New Jersey District Court observed, "the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." Boretsky v. Corzine, No. 08-2265 (GEB), 2008 WL 2512916, at *4 (D.N.J. June 23, 2008), citing, Pruden v. SCI Camp Hill, 252 Fed. Appx. 436 (3d Cir.2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997), nor does Rule 20 "authorize a plaintiff to incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues." Lovelace v. Lee, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D.Va. October 21, 2007), quoting, Trail Realty Inc. v. Beckett, 462 F.2d 396, 399–400 (10th Cir.1972).

The remedy for misjoinder is found in Federal Rule of Civil Procedure 21, which provides that, "when misjoinder occurs, parties may be dropped or added by order of the court on motion of any party or its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Nali v. Michigan Dep't of Corrections, No. 07-10831, 2007 WL 4465247, at *2 (E.D.Mich. December 18, 2007); *see also*

5



Arista Records, LLC v. Does 1–9, No. 2:07-cv-961, 2008 WL 2982265, FN5 (S.D.Ohio July 29, 2008)("[D]istrict courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met."); Sires v. Eli Lilly & Co., No. Civ.A. 5:05-117-JMH, 2005 WL 1239636, at *3 (E.D.Ky. May 24, 2005)(same); Cosgrove v. Rios, No. 7:08-CV-109-KKC, 2008 WL 4410153 (E.D.Ky. September 19, 2008)(The Court may sever claims *sua sponte*, which results in the creation of separate actions); Globe American Cas. Co. v. Davis, No. 1:07-cv-232, 2008 WL 586419, at *2 (E.D.Tenn. February 27, 2008)(same).  "Under Rule 21, the Court has broad discretion to order a severance to avoid causing unreasonable prejudice and expense to the defendant ... and to avoid great inconvenience in the administration of justice." Nali, at *2.

Nonetheless, misjoinder of parties is not sufficient to dismiss an action as a whole under Rule 21, although it can be sufficient to dismiss misjoined parties. Harris v. Gerth, No. 08-CV-12374, 2008 WL 5424134, at *4 (E.D.Mich. December 30, 2008), citing, Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 682 (6th Cir.1988 ("Parties may be dropped ... by order of the court ... of its own initiative at any stage of the action and on such terms as are just."); Coal. to Defend Affirmative Action v. Regents of Univ. of Mich., 539 F.Supp.2d 924, 940 (E.D.Mich.2008); Carney v. Treadeau, No. 07-CV-83, 2008 WL 485204, at *2 (W.D.Mich. February 19, 2008) ("In the event of misjoinder, the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.)(internal quotation omitted).  Here, in light of Plaintiff's pro se status, and in the interests of judicial efficiency and economy, the undersigned recommends severance over dismissal. Permitting all of these claims to go forward as a group would be, at best, unwieldy and impossible to manage, given the exhaustion issues relating to each claim and, more importantly, the varied

6



proofs and defendants that will be associated with each separate claimed instance of denial of access to the courts, deliberate indifference, excessive force, and violation of due process. However, claims relating to what Plaintiff alleges occurred at one Institution while he was housed there could be allowed to continue, with the remainder being dismissed without prejudice.

### Recommendation

The undersigned reaches no conclusions at this time as to whether the Plaintiff may have a valid claim or claims against any of the named Defendants. However, various claims against multiple Defendants arising out of different events, each with their own facts, and unrelated to each other in terms of time or parties, cannot be allowed to proceed in one lawsuit where the discovery would not be connected by parties/witnesses/claims and which would certainly not be triable as one action in one proceeding. Rosenblum v. Foulk, No. 09-2208, 2010 WL 3324714 at *1 (N.D.Cal. August 23, 2010)(not allowing case to proceed with unrelated claims); Harris v. Spellman, 150 F.R.D. 130, 131 (N.D. Ill. 1993)(dismissing claims in § 1983 case that were legally and factually unrelated).

Therefore, it is recommended that Plaintiff's claims of denial of access to the courts and deliberate indifference arising at the Turbeville Correctional Institution be allowed to proceed against the Turbeville and South Carolina Department of Corrections Defendants. From best as can be determined from a review of the convoluted allegations of the Complaint, these Defendants would be William Byars (former SCDC Director), Jerry Adger (SCDC Investigator), Mrs. Brackenberry (SCDC Investigator), Ann Hallman (SCDC Grievance Coordinator), Gregory Knowlin (Warden of Turbeville), Kenneth Sharp (Operations at Turbeville), and Officers Fulton and Bowers (Corrections



Officers at Turbeville).[1]

It is further recommended that Plaintiff's remaining claims be dismissed, without prejudice, and without service of process, and that all Defendants not associated with the Turbeville claims also be dismissed as parties to this action, without prejudice.  Plaintiff may re-file the dismissed claims in separate lawsuits, if he so chooses, in accordance with the foregoing.

The parties are referred to the page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 4, 2013
Charleston, South Carolina

---

[1] A separate Proper Form Order is being issued this date with respect to these claims and Defendants.

8



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  Post Office Box 835
>  Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

