IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael J. Ferola, | ) | Civil Action No.: 9:13-cv-2413-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| William R. Byars, Jr.; Gregory | ) | |
| Knowlin; Kenneth Sharp; Willie | ) | |
| Eagleton; Maria Leggins; Jerry | ) | |
| Adger; Mrs. Brackenberry; Ann | ) | |
| Hallman; Captain Rogers; Lt. | ) | |
| Powell; Lt. Brayboy; Lt. Wheeler; | ) | |
| Cpl. Miller; Cpl. Conyers; Officer | ) | |
| Fulton; Michael Bowers; Major | ) | |
| West; Associate Warden Sellers; | ) | |
| Associate Warden McFadden; Ms. | ) | |
| Graves, IGC, Evans, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael J. Ferola, ("Plaintiff"), a self-represented state prisoner, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on September 6, 2013. *See* Compl., ECF No. 1. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant.[1] *See* R & R, ECF No. 15. Plaintiff timely filed objections to the R & R on January 6, 2014. *See* Pl.'s Objections, ECF No. 30. He also timely filed supplemental objections to the R & R on January 14,

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2014.  *See* Pl.'s Supplemental Objections, ECF No. 32.  For the reasons stated below, the Court adopts the Magistrate Judge's recommendation.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court reviews only for clear error in the absence of a specific objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

### DISCUSSION

In the R & R, the Magistrate Judge notes that Plaintiff asserts claims against twenty-one Defendants, arising at three separate correctional institutions over the course of a year or more.  *Id.* at 2.  The Magistrate Judge recommends the Court find that joinder of some of these claims and Defendants was inappropriate.  *See id.* at 5.  In particular, the Magistrate Judge determined that

Plaintiff's claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and therefore are not appropriate for maintenance in one lawsuit. *Id.* at 2 (citing Fed. R. Civ. P. 18, 20, and 21). Accordingly, the Magistrate Judge recommends the Court allow Plaintiff's claims for denial of access to courts and deliberate indifference arising at the Turbeville Correctional Institution ("TCI") be allowed to proceed against the TCI and South Carolina Department of Corrections ("SCDC") Defendants.[2] *Id.* at 7. He recommends the Court dismiss the remaining claims without prejudice and without service of process, and that all Defendants not associated with the TCI claims be dismissed without prejudice.[3] *Id.* at 8. Finally, he recommends that Plaintiff be allowed to re-file the dismissed claims in separate lawsuits, if he so chooses. *Id.*

In response, Plaintiff filed objections to the R & R. The Court may only consider objections to the R & R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). Again, "courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Thus, the Court shall conduct a *de novo* review of those objections it deems proper.

Plaintiff's only substantive objection, set forth in his initial filing, asserts that joinder of all of the asserted claims and defenses was proper because the allegations of the complaint "cover all

---

[2] The Magistrate Judge determined that these claims applied to the following Defendants: William R. Byars, Jr. (former SCDC director); Jerry Adger (SCDC Investigator); Mrs. Brackenberry (SCDC Investigator); Ann Hallman (SCDC Grievance Coordinator); Gregory Knowlin (Warden of Turbeville); Kenneth Sharp (Operations at Turbeville); and Officer Fulton and Michael Bowers (Corrections Officers at Turbeville).

[3] These Defendants would be Willie Eagleton, Maria Leggins, Captain Rogers; Lt. Powell; Lt. Brayboy; Lt. Wheeler; Cpl. Miller; Cpl. Conyers; Major West; Associate Warden Sellers; Associate Warden McFadden; Ms. Graves, IGC, Evans.

institutions under SCDC and should be permitted to proceed as 'conditions lawsuit' and under Rule 20(a)(2)." *See* ECF No. 30 at 2. Plaintiff admits that his denial of access to courts claim covers three separate institutions over a two year period. *Id.* However, he then explains that this claim relates to seven Defendants: William Byars, Jr., Willie Eagleton, Maria Leggins, Ann Hallman, Cpl. Miller, Associate Warden McFadden, and Ms. Graves. *Id.* He argues that this claim deals with pending lawsuits he was unable to serve, and these Defendants were directly responsible. *Id.* at 1–2. Plaintiff then complains that he does not understand what the R & R says and that he was unable to access any cases outside the Fourth Circuit. *Id.* Finally, he requests that the Court serve all of the named Defendants and allow the action to proceed in its present form. *See id.*

In his supplemental filing, Plaintiff largely repeats his previous objections, arguing that he is unable to access the cases cited in the R & R, prohibiting him from being able to dispute the analysis in the R & R. *See* ECF No. 32 at 1. He again requests that the action be allowed to proceed in its present form and all twenty-one Defendants be served. *Id.* Finally, he requests that the Court review his entire Complaint in its decision. *See id.* at 2.

Plaintiff articulates one relevant objection, asserting that the Magistrate Judge improperly determined that his claims were misjoined. Plaintiff, however, fails to address the Magistrate Judge's specific finding that many of Plaintiff's claims are diverse and do not arise out of the same transactions, occurrences, or series of transactions or occurrences. *See* ECF No. 15 at 2 (citing Fed. R. Civ. P. 18, 20, and 21). After a *de novo* review of the record and the R & R, the Court agrees with the Magistrate Judge that joinder of all these claims and defenses in the same suit would be improper. After a thorough review of the entirety of Plaintiff's Complaint and his objections to the

R & R, the Court agrees that Plaintiff has not sufficiently explained how the different claims and defendants are sufficiently interrelated to justify asserting them all in the same suit.

The Court finds that Plaintiff's filings fail to articulate any other relevant objections. The rest of these purported "objections" fails to adequately direct the Court's attention to a specific error in the Magistrate Judge's Report and Recommendation. With regard to his purported inability to access case law, the Court notes that Plaintiff does not dispute that he was allowed access to the law library and cases from within the Fourth Circuit. Although the Magistrate Judge did rely on some cases from outside this Circuit in the R & R, he adequately quoted and explained the relevant portions. Plaintiff has made no effort to explain why the Magistrate Judge's analysis was incorrect or to distinguish these cases in any way. Therefore, Plaintiff has failed to file any additional, proper objections apart from his objection to the Magistrate Judge's joinder analysis. Finding no clear error with the R & R, the Court adopts it as its own.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R & R, Plaintiff's objections to the R & R and supplemental objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERE**D that Plaintiff's claims for denial of access to the courts and deliberate indifference arising at the Turbeville Correctional Institution are allowed to proceed against the TCI and South Carolina Department of Corrections Defendants. These Defendants would be William R. Byars, Jr; Jerry Adger; Mrs. Brackenberry; Ann Hallman; Gregory Knowlin; Kenneth Sharp; Officer Fulton; and Michael Bowers.

5

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are **DISMISSED**, *without prejudice*, and without service of process, and that all Defendants not associated with the TCI-related claims are **DISMISSED** as parties to this action, *without prejudice*.  Plaintiff may re-file the dismissed claims in separate lawsuits, if he so chooses, in accordance with the foregoing. Defendants Willie Eagleton; Maria Leggins; Captain Rogers; Lt. Powell; Lt. Brayboy; Lt. Wheeler; Cpl. Miller; Cpl. Conyers; Major West; Associate Warden Sellers; Associate Warden McFadden; and Ms. Graves, IGC, Evans are **DISMISSED**, *without prejudice*.

**IT IS SO ORDERED.**


 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge


Florence, South Carolina
April 22, 2014

6