IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Michael J. Ferola, #291941, ) | Civil Action No.: 9:13-cv-2413-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| William R. Byars, Jr.; Gregory ) | |
| Knowlin; Kenneth Sharp; Jerry Adger, ) | |
| Officer Fulton; and Michael Bowers, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Michael J. Ferola, #291941 ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants William R. Byars, Jr.; Gregory Knowlin; Kenneth Sharp; Jerry Adger; Officer Fulton; and Michael Bowers ("Defendants") on September 6, 2013.[1]  *See* Compl., ECF No. 1.  On June 6, 2014, Defendants filed a motion for summary judgment.  *See* Defs.' Mot., ECF No. 76.  After requesting and receiving several extensions, Plaintiff responded to Defendants' motion on August 4, 2014.  *See* Pl.'s Resp., ECF No. 94.

The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant.[2]  *See* R & R, ECF No. 96.  In the R & R, the Magistrate Judge recommends the Court grant in part and deny in part Defendants' motion for summary judgment.  *See id.* at 18.  The Magistrate Judge recommends Defendants' motion be

---

[1] Willie Eagleton; Maria Leggins; Captain Rogers; Lt. Powell; Lt. Brayboy; Lt. Wheller; Cpl. Miller; Cpl. Conyers; Major West; Associate Warden Sellers; Associate Warden McFadden; and Mrs. Graves were also named as Defendants, but were previously dismissed by the Court.  *See* Order, ECF No. 57.  Mrs. Brackenberry and Ann Hallman were also named as Defendants, but were voluntarily dismissed by Plaintiff.  *See* Stipulation of Dismissal, ECF No. 47.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

granted *in toto* as to Defendants Byars, Adger, and Bowers. *See id.* The Magistrate Judge further recommends that Defendant Fulton be granted summary judgment as to Plaintiff's denial of access to courts claim and Defendants Knowlin and Sharp be granted summary judgment as to Plaintiff's conditions of confinement claim. *See id.* The Magistrate Judge recommends, however, that summary judgment be denied for Plaintiff's denial of access to courts claim as to Defendants Knowlin and Sharp and Plaintiff's conditions of confinement claim as to Defendant Fulton. *See id.* Finally, the Magistrate Judge recommends that Plaintiff's claim for injunctive relief be dismissed. *See id.* at 19.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in

2

order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48). Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on

beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *See id.*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). The nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

## FACTUAL BACKGROUND

The facts of this case, including citations to the record, were completely and accurately set forth in the R & R. *See* ECF No. 96 at 2–9. Briefly stated, there are two remaining causes of action pending against the Defendants: (1) denial of access to the courts and (2) conditions of confinement/failure to protect. With regard to the first claim, Plaintiff asserts that "prison officials" refused to allow him to send legal documents to three inmates he was attempting to serve with an assault claim he had filed in state court. *See* Compl., ECF No. 1 at 4–8. Moreover, he asserts he sent various mailings to the mailroom that the mailroom either failed to deliver or tampered with, resulting in him missing court deadlines. *See id.* Plaintiff's second claim alleges that he got into a verbal altercation with another inmate, Joseph Cannon ("Cannon"), after he submitted information to the Associate Warden about Cannon. *See id.* at 9. He alleges that Cannon threatened him in the presence of Defendant Fulton, but no corrective action was taken. *See id.* Plaintiff alleges that he was assaulted by Cannon soon after. *See id.* He asserts that he called to Defendant Fulton for help while he was being assaulted, but she did nothing. *See id.* He was taken to medical and examined by Dr. Paul Drago, who referred him to an outside hospital for facial contusions and "head injury

with concussion." *See id*. at 10.  Plaintiff seeks monetary damages as well as unspecified injunctive relief for the alleged violations of his constitutional rights.  *See id.* at 21.

## DISCUSSION

**I.     R & R and Objections**

In the R & R, the Magistrate Judge first recommends the Court dismiss Defendant Byars in his individual capacity.  *See* ECF No. 96 at 10–11.  The Magistrate Judge noted that Plaintiff has failed to present sufficient evidence to create a genuine issue of fact as to whether this Defendant violated his constitutional rights.  *See id.* at 10.  The Magistrate Judge then recommends the Court find that summary judgment should be denied on Plaintiff's denial of access to Courts claim as to Defendants Knowlin and Sharp.  *See id.* at 13.  However, the Magistrate Judge recommends summary judgment be granted on this claim as to Defendants Adger, Fulton, Bowers, and Byars (in his official capacity), as Plaintiff provided no allegations or evidence connecting them to this claim. *See id.* at 13–14.  Finally, the Magistrate Judge recommends the Court find that Plaintiff provided sufficient evidence to survive summary judgment on his conditions of confinement claim, but only as to Defendant Fulton.  *See id.* at 14–18.  Accordingly, the Magistrate Judge recommends that summary judgment be granted in Defendants' Sharp, Knowlin, Adger, Bowers, and Byars' (in his official capacity) favor on this claim.  *See id.* at 17–18.  Finally, the Magistrate Judge recommends that Plaintiff's claim for injunctive relief be dismissed.  *See id.* at 19

Plaintiff timely filed objections to the R & R.  In his objections, Plaintiff only takes issue with the Court's findings as to Defendant Byars.  Plaintiff asserts Defendant Byars was aware of the Defendants' "illegal enforcement" of the mail policy, and thus had constructive knowledge that his employees "were engaging in unconstitutional conduct."  *See* Pl.'s Objs., ECF No. 101 at 2. Plaintiff argues that Defendant Byars' "failure to act" resulted in him being unable to serve a

defendant in a state court action, Shawn Johnson, who has still not been served to this day. *See id.* Plaintiff argues that there was a policy "of denying me access to inmates named as a defendant" and that this was unconstitutional. *See id.* at 3. He asks the Court to review the filings and reinstate William Byars as a Defendant. *See id.*

Defendants also timely filed objections to the R & R. Defendants first take issue with the Magistrate Judge's findings regarding the access to courts claim. Defendants argue that Plaintiff has failed to allege any personal involvement of Defendants Sharp and Knowlin in denying him access to the courts. *See* Def.'s Objs., ECF No. 102 at 1. Defendants contend that Plaintiff has provided no evidence of their involvement with outgoing mail from the institution, and that Warden Knowlin should not be penalized for upholding a legitimate, reasonable policy on prisoner communications in denying Plaintiff's request for inmate Johnson's mailing address. *See* ECF No. 102 at 2. Defendants note that Plaintiff petitioned the state court for an order directing the prison to give him the addresses he needed, and was given a remedy. *See id.* at 3. Defendants argue that the prison should not be penalized by following its security protocol and refusing this request prior to direction from the Court. *See id.*

Defendants then argue that Plaintiff has failed to show that he, or anyone on his behalf, asked Defendant Fulton for protection or informed her of a valid threat against him. *See id.* Defendants argue that Plaintiff has not met his burden of showing that Defendant Fulton was deliberately indifferent as he has not provided any evidence that Fulton was aware of a threat to Plaintiff or that she was nearby when the assault occurred, yet failed to act. *See id.* at 3–5. Defendants note that failure to perceive a risk does not give rise to a claim, and Plaintiff's

speculation is not sufficient to create a disputed issue of material fact. *See id.* at 5. Finally, Defendants note that Fulton is entitled to qualified immunity.[3] *See id.*

Plaintiff timely filed a reply to Defendants' objections. *See* Pl.'s Reply, ECF No. 103. Plaintiff asserts that the Magistrate Judge did not err in recommending denial of summary judgment in light of the affidavits he attached in support of his claims. *See id.* at 1. Plaintiff argues that there are several questions of fact properly left to the jury. *See id.* at 1–2. Finally, Plaintiff asserts that Defendant Fulton is not entitled to qualified immunity. *See id.* at 2.

**III.    Analysis**

The parties have not objected to several of the Magistrate Judge's recommendations. First, neither party has taken issue with the Magistrate Judge's recommendation that Defendants Adger and Bowers be granted summary judgment *in toto* and dismissed as party Defendants. Finding no clear error, the Court adopts the Magistrate Judge's analysis on this issue as its own and will grant summary judgment in their favor. Moreover, no party has objected to the Magistrate Judge's recommendation that Defendant Fuller be granted summary judgment as to Plaintiff's denial of access to Court's claim. Again, finding no clear error, the Court adopts the Magistrate Judge's analysis as its own and will grant summary judgment in Defendant Fuller's favor as to Plaintiff's denial of access to courts claim. Next, no party has objected to the Magistrate Judge's recommendation that Defendants Knowlin, Sharp, and Byars (in his official capacity) be granted summary judgment as to Plaintiff's conditions of confinement claim. Finding no clear error, the Court also adopts this analysis of the Magistrate Judge's as its own and will grant summary judgment in these Defendants' favor on the conditions of confinement claim. Finally, no party has objected to the Magistrate Judge's recommendation that Plaintiff's claim for injunctive relief be

---

[3] Defendants, however, do not provide any additional argument or analysis on qualified immunity.

dismissed as to all Defendants. Finding no clear error, the Court adopts this recommendation as well and will dismiss Plaintiff's claim for injunctive relief.

Accordingly, the only remaining claims for the Court to consider are as follows: (1) Plaintiff's denial of access to courts claim as to Defendants Byars, Knowlin and Sharp and (2) Plaintiff's conditions of confinement/failure to protect claim as to Defendant Fulton.[4] The Court will address these claims, and the parties' arguments, in turn.

### 1. Defendant Byars

The Magistrate Judge first recommends that Defendant Byars be dismissed in his individual capacity. As he notes, Plaintiff has not alleged that he was personally involved in, or played any role in, the alleged constitutional deprivations set forth in the Complaint. *See* ECF No. 96 at 10. Moreover, the doctrines of *respondeat superior* and vicarious liability are not applicable in § 1983 claims. *See id.* The Magistrate Judge also noted that the mail policy is supported by legitimate penological interests, and thus, to the extent Byars would be deemed responsible for approval of the policy, he is entitled to summary judgment as a party Defendant in his official capacity to the extent Plaintiff seeks injunctive relief to prohibit the general implementation and enforcement of the policy. *See id.* at 11–12 n.6. As the Magistrate Judge explained, however, this issue does not appear to be before the Court. *See id.*

In stating a proper claim against a defendant in his or her individual capacity under § 1983, the Court notes that a plaintiff must affirmatively show that the defendant "had personal knowledge

---

[4] The remaining claims are against these defendants in their individual capacities. To the extent Plaintiff sought to sue these employees of the South Carolina Department of Corrections in their official capacity, they are entitled to Eleventh Amendment immunity from monetary damages. *See Green v. Williams*, No. 4:13-1019-MGL, 2014 WL 6666638, at *1 (D.S.C. Nov. 24, 2014) (noting the same). Plaintiff noted as much in his response in opposition to summary judgment, conceding that these defendants are only being sued "individually and not as employees of the state." *See* ECF No. 94-1 at 7.

and involvement in the alleged deprivation" of plaintiff's constitutional rights. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Moreover, a claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff argues in his objections Byars was in fact personally involved in denying him access to the Courts, as he knew the mail policy was illegally enforced and he had "constructive knowledge" that his employees were denying his constitutional rights. *See* ECF No. 101 at 1–2. Prior to his objections, however, Plaintiff had not alleged any involvement by Byars at all. Moreover, Plaintiff cites to no evidence supporting this generalized assertion in his objections. Plaintiff has simply repeated the language from the R & R stating that "in order for Byars to be liable in this case, Plaintiff must have evidence to show specific wrongdoing on the part of this Defendant, such as that he had actual or constructive knowledge that his subordinates were engaging in unconstitutional conduct." *See* ECF No. 96 at 11 (citations omitted). Plaintiff has not provided any such evidence. Accordingly, the Court agrees that Defendant Byars is entitled to dismissal as a party Defendant in his individual capacity.

The Court also agrees with the Magistrate Judge that Defendant Byars is entitled to summary judgment to the extent the denial of access to courts claim is asserted against him in his official capacity. Plaintiff has not addressed the Magistrate Judge's findings on this point, aside from the generalized assertion that Defendant Byars should be reinstated as a Defendant. However, to the extent this could be construed as a proper objection the Court finds it is without merit. Aside

from Eleventh Amendment immunity, as the Magistrate Judge noted, the prison policy prohibiting inmates from having access to the locations of other inmates is supported by legitimate penological interests. *See* ECF No. 96 at 11–12 n.6. Accordingly, Byars is entitled to summary judgment in his official capacity to the extent Plaintiff seeks injunctive relief to prohibit the enforcement of this policy. *See id.*

### 2. Denial of Access to Courts

The Magistrate Judge then turned to Plaintiff's claim for denial of access to Courts. As the Magistrate Judge noted, Plaintiff alleged in his verified complaint[5] that he was unable to serve a defendant in a state court case and that several filings in that case were not received by the court due to "defendants" interfering with his mail. Plaintiff asserts that the state court dismissed the SCDC as a defendant due to it never receiving his response to that defendant's motion for summary judgment. Finally, Plaintiff alleges that he filed a notice of appeal of this decision, but that neither the court nor defense counsel ever received this document. He asked to be able to refile the notice of appeal but the request was denied by the court. *See* ECF No. 1 at 4–8. The Magistrate Judge noted that the only evidence provided by Defendants on this issue was Defendant Knowlin's affidavit testimony regarding the purpose of policy prohibiting inmate to inmate correspondence and the provision of inmate addresses to other inmates. *See* Knowlin Aff., ECF No. 76-4 at ¶¶ 1, 3. The Magistrate Judge acknowledged that Plaintiff did not specifically reference Defendants Knowlin and Sharp in these allegations. However, the Magistrate Judge found that his other allegations and evidence establish that Defendant Knowlin (Warden of the institution) was aware of Plaintiff's request to serve the inmates at issue, and Defendant Sharp (Major at the institution) was

---

[5] The Fourth Circuit has found that verified complaints of *pro se* litigants are considered as affidavits and may, standing alone, defeat summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (1991).

10

legally responsible for overseeing the operation of the Turbeville Correctional Institution ("TCI"). The Magistrate Judge determined that this was sufficient for the claim to survive as to those Defendants.

Defendants objected to this finding, asserting that Plaintiff failed to allege sufficient personal involvement by these Defendants. *See* ECF No. 102 at 1–2. Moreover, Defendants argue that Plaintiff has not presented any evidence that the delays in the mail were caused by the facility as opposed to the U.S. mail or Plaintiff's own delay in timely mailing. *See id.* at 2. Finally, Defendants argue that Warden Knowlin properly denied Plaintiff's request for inmate addresses initially, and that the addresses were properly provided once the state court ordered them to be disclosed to Plaintiff. *See id.* Defendants note that Knowlin should not be penalized for upholding this reasonable policy, and that Plaintiff has provided no evidence the policy was applied arbitrarily to him. *See id.* at 2–3. Plaintiff did not respond to these objections in his reply.

The Court finds Defendants' argument persuasive on this point. After a thorough review of the complaint, the Court agrees that Plaintiff has failed to state a denial of access to courts claim against Defendants Knowlin and Sharp. To state a proper claim against a defendant in his or her individual capacity under § 1983, a plaintiff must affirmatively show that the defendant "had personal knowledge and involvement in the alleged deprivation" of plaintiff's constitutional rights. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Moreover, a claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

11

The Court agrees with Defendants that Plaintiff has not met this burden. Plaintiff does not mention either Defendant Knowlin or Defendant Sharp in relation to his denial of access to courts claim. *See* ECF No. 1 at 5–8. Plaintiff does assert in the very beginning of his complaint that Defendant Knowlin is the warden of TCI and is "responsible for the operation and welfare of said prison." *See id.* at 2. Moreover, he contends that Defendant Sharp is the major at TCI and that he is "responsible to oversee the operation of said institution." *See id.* However, at no point does Plaintiff detail any specific involvement of these Defendants with regard to his denial of access to courts claim.

Plaintiff first provides allegations regarding his attempts to obtain the addresses of other prisoners for service of process. In detailing this claim, Plaintiff specifically alleges that his request "was denied by David Tatarsky legal counsel and prison officials."[6] *See id.* at 5. Plaintiff also generally alleges that he was not given access to his legal work or lawbooks, but does not identify any of the individuals who purportedly denied him access. *See id.* Plaintiff claims that he asked again later if he could have access to his law books and that his request was denied by Defendant Eagleton[7] and David Tatarsky, legal counsel. *See id.* at 6. Similarly, Plaintiff asserts that he sent various mailings to the TCI mailroom that say and were not mailed out. *See id.* Plaintiff specifically asserts that Defendant Baker and Defendant Outlaw[8] were "not sending out my legal mail." *See id.* at 7. Moreover, he argues that Defendants Eagleton and Leggins[9] were aware of his complaints about the mail room and failed to take action to correct the problem. *See id.*

---

[6] David Tatarsky is not a party to this lawsuit.
[7] Defendant Willie Eagleton was previously dismissed by the Court.
[8] Although Plaintiff refers to Baker and Outlaw as "Defendants," they were not named as Defendants to this suit.
[9] Defendant Leggins was also previously dismissed by the Court.

12

Plaintiff's complaint, however, fails to allege any specific individual or personal involvement of either Defendant Knowlin or Defendant Sharp with regard to his denial of access to courts claim (both the inmate address issue and the interference with mail issue).  The only allegations are the generalized assertions that these Defendants were in charge of overseeing the institution as a whole.  However, Plaintiff makes no allegation that either of these Defendants "had personal knowledge and involvement in the alleged deprivation" of his constitutional rights. *Wright*, 766 F.2d at 850 (citation omitted).

The Magistrate Judge notes that Plaintiff asserted that Defendant Knowlin "was aware of Plaintiff's request to serve the inmates at issue," although this allegation does not appear to be contained in the complaint.[10]  *See* ECF No. 96 at 13.  Nevertheless, even if it were, it is insufficient to survive summary judgment.  Defendant Knowlin's mere awareness of the request is not enough.  As previously noted, Plaintiff must show personal knowledge and <u>involvement</u> in the purported denial of access to courts.[11]  In any event, to the extent Plaintiff alleges that Defendant Knowlin prevented him from obtaining the inmate addresses, the Court notes that Knowlin was simply

---

[10] The Magistrate Judge apparently reached this conclusion from Plaintiff's statement in his response in opposition to summary judgment that he "had written authorization from SCDC legal counsel to correspond with these inmates and was denied access by the Defendant Knowlin."  *See* ECF No. 94-1 at 1.  Plaintiff does not provide any support for this statement, however, aside from referring to a Step 1 grievance he attached to his response brief.  This document makes no mention of Knowlin and thus does not support his contention that Defendant Knowlin denied him access.

[11] Moreover, although Defendants do not specifically argue in their objections that Defendant Knowlin would be entitled to qualified immunity on this point, the Court notes that he likely would.  The right to obtain addresses of other inmates does not appear to be clearly established in reference to an access to courts claim.  *See Saucier v. Katz*, 533 U.S. 194, 232 (2001) (noting that Plaintiff must allege facts sufficient to make out a violation of a constitutional right and show that the right was clearly established at the time of Defendant's alleged misconduct).  Plaintiff himself notes that legal counsel for SCDC initially informed him that he was not allowed to obtain the addresses of other inmates.  *See* ECF No. 1 at 5 (noting that Plaintiff requested a current address of an inmate which was denied by David Tatarsky legal counsel").  Certainly to the extent he relied on the determination of legal counsel in relation to the prison policy, he was not violating a clearly established constitutional right.

following an existing policy of the institution, *see* Knowlin Aff., ECF No. 76-4 at ¶¶ 1–3, which was reasonably related to legitimate penological interests, *see Lovelace v. Lane*, 472 F.3d 174, 199 (4th Cir. 2006) (quoting *Turner*, 482 U.S. 78, 84 (1987)). As Knowlin explained, the policy is designed to curb violence, prevent gang activity within institutions, and prevent inciting unrest. *See* ECF No. 76-4 at ¶¶ 2–3. Moreover, counsel for the SCDC appears to have been the party who made the initial decision that Plaintiff not be allowed to obtain the addresses. *See* ECF No. 1 at 5 (noting that Plaintiff requested a current address of an inmate which was denied by David Tatarsky legal counsel").

The Court, therefore, disagrees with the Magistrate Judge's analysis concerning Plaintiff's denial of access to courts claim as to Defendants Knowlin and Sharp. Accordingly, the Court respectfully rejects that portion of the R & R and modifies it as reflected herein. The Court finds that summary judgment should be granted in Defendants Knowlin and Sharp's favor on this claim.

### 3. Conditions of Confinement

Finally, the Magistrate Judge found that Plaintiff's conditions of confinement claim should be allowed to go forward as to Defendant Fulton. As the Magistrate Judge explained, Plaintiff alleged in his verified complaint that he got into a verbal altercation with Cannon and that Cannon, in the presence of Fulton, threatened him and stated he was going to "beat [his] ass." *See* ECF No. 1 at 9. Plaintiff also submitted affidavits from several fellow inmates who corroborate Plaintiff's version of events (*i.e.* that Cannon threated Plaintiff in front of Fulton and she took no corrective action). *See* Wirtz Aff., ECF No. 94-2 at 4–5; Jones Aff., ECF No. 94-2 at 6. Plaintiff contends that Cannon assaulted him in his cell and that Fulton was the officer on duty stationed "maybe (50) feet away." *See* ECF No. 1 at 9. Plaintiff asserts that he called for help while the assault took place, but Fulton never got up to investigate. *See id.* Plaintiff alleges that Fulton was making a personal

phone call during the assault. *See id.* Fulton, on the other hand, provided an affidavit stating that she was unaware of any threat to Plaintiff and that Plaintiff did not request protective custody. *See* Fulton Aff., ECF No. 76-2 at ¶ 2. The Magistrate Judge found that the evidence presented by the parties was sufficient to create a question of fact as to whether Fulton had knowledge of a threat to Plaintiff and failed to act. *See* ECF No. 96 at 16.

Defendants objected, asserting that Plaintiff failed to present any evidence that Defendant Fulton failed to protect him. *See* ECF No. 102 at 3. Defendants note that Plaintiff has not shown that he asked Fulton for protection, and it is mere speculation that she should have heard the threat or commotion. *See id.* Defendants reiterate that the affidavits provided by Plaintiff do not contend that Fulton actually heard the threat, and no evidence details the noise level at the time or what Fulton was doing at the time. *See id.* Defendants assert that Plaintiff has failed to meet his burden of showing that Fulton knew of a threat to him, and it is speculation to assert that she was nearby when the assault occurred. *See id.* at 4–5. Defendants note that if Fulton did not violate Plaintiff's constitutional rights, she is entitled to qualified immunity.

The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes–Quinones v. Jimenez–Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)) (internal quotation marks omitted). To obtain relief under § 1983 on a claim for failure to protect from violence, an inmate must show: (1) "serious or significant physical or emotional injury" resulting from that failure, *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)) (internal quotation marks omitted); and (2) that the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference, *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) (internal quotation marks

omitted). A prison official "is deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows of and disregards' the risk." *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

It is not enough to prove that the official should have known of the risk; instead, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Weatherholt v. Bradley*, 316 Fed. App'x 300, 302 (4th Cir. 2009) (quoting *Farmer*, 511 U.S. at 842) (internal quotation marks omitted). "While the obviousness of a risk is not conclusive and a prison official may show that the obvious escaped him, . . . he would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist . . . ." *Farmer*, 511 U.S. at 843 n.8. A prison official also may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843. A plaintiff's failure to personally notify prison officials of an alleged risk to his safety is not dispositive as to the issue of whether prison officials knew of the risk. *Id.* at 848–49.

A showing of negligence on the part of prison officials, however, does not rise to the level of deliberate indifference. *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). As the Supreme Court explained, "an official's failure to alleviate a

significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

After a thorough review of the record, the Court finds that the Magistrate Judge properly determined that Plaintiff has presented sufficient evidence to survive summary judgment on the conditions of confinement claim as to Defendant Fulton. As the Magistrate Judge explained, Plaintiff alleged in his verified complaint that Cannon's threat was made right in front of Defendant Fulton. Moreover, he provided affidavits of two other inmates who confirmed that the threat was made in Fulton's presence, but that she took no action. It is undisputed that Plaintiff was assaulted by Cannon not long after Cannon made the alleged threat. Defendant, however, denies having knowledge of any threat against Plaintiff. She also asserts that Plaintiff never requested protection. The Court finds that this is a classic question of fact properly left to the finder of fact. Plaintiff's evidence, if believed by the fact finder, could show that Defendant Fulton knew of the risk of harm, yet disregarded it. As the Magistrate Judge noted, the Court must consider the evidence in the light most favorable to Plaintiff at this juncture. In light of the conflicting evidence presented, the Court finds that summary judgment is inappropriate. The credibility of Plaintiff and the other witnesses, the weighing of the evidence, and drawing of legitimate inferences from the facts are functions for the trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## CONCLUSION

The Court has thoroughly reviewed the entire record. For the reasons stated above, the Court adopts in part and rejects in part the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion is **GRANTED** *in toto* as to Defendants Byars, Adger, Bowers, Knowlin, and Sharp and they are **DISMISSED** as party

Defendants.  Summary judgment is also **GRANTED** in Defendant Fulton's favor as to Plaintiff's denial of access to Court's claim.  Summary judgment, however, is **DENIED** with regard to Plaintiff's conditions of confinement/failure to protect claim as to Defendant Fulton.

As Defendants' Motion for Summary Judgment has been denied in part, the case should proceed to trial on the surviving claim.  According to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent [a pro se Plaintiff] unable to afford counsel."  Specifically, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."  *Leeke v. Collins*, 574 F.2d 1147, 1153 (4th Cir. 1978).  Additionally, the Court may use its discretion to appoint counsel for an indigent in a civil action.  *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971).  The Court finds that the appointment of counsel is justified to ensure that the Plaintiff, who has limited resources and has had no legal training, receives a fundamentally fair trial.

Thus, **IT IS FURTHER ORDERED** that William P. Tinkler, Esquire,[12] of Motley Rice in Charleston, South Carolina, who is experienced and knowledgeable in these matters, is **APPOINTED** as counsel to assist Plaintiff in the instant case.  Mr. Tinkler is ordered to contact Plaintiff, who the Court believes is currently incarcerated at the Ridgeland Correctional Institution, within thirty days.  The Clerk of Court is directed to send a copy of this order appointing counsel to both Plaintiff and Mr. Tinkler.  Mr. Tinkler shall have access to court filings on ECF and shall consult with opposing counsel within a reasonable period of time regarding (1) the need for any limited discovery by Mr. Tinkler, (2) the mediation of the case, and (3) the submission of a short proposed consent scheduling order, which should include deadlines for limited discovery and

---

[12] The Court contacted Mr. Tinkler prior to the entry of this order to confirm his willingness to serve as a courtesy to the Court.

18

mediation. The proposed consent scheduling order shall be submitted as soon as possible in order for the case to be disposed of in the future.

**IT IS SO ORDERED.**

                                                 s/ R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

Florence, South Carolina
March 3, 2015